## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CASE NO.:
Circuit Court Case No. 2025-CA-012514

BE AND BE ENTERPRISES, INC.,

    Plaintiff,

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

_____/

### NOTICE OF REMOVAL

COMES NOW, SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), named as Defendant in the within cause of action, by and through undersigned counsel, and, pursuant to 28 U.S.C. §§ 1446, 1441(b), and 1332, files this Notice of Removal, and, in support hereof, states as follows:

1.     Plaintiff, BE AND BE ENTERPRISES, INC. ("hereinafter, "PLAINTIFF"), commenced this action (concerning a first-party property damage coverage dispute) on December 10, 2025 in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida; the Circuit Court action was assigned Case Number 2025-CA-012514.  A copy of the Summons, Complaint, and such other papers or exhibits as are required by the Local Rule 1.06 of this Court, are filed herewith, as Exhibit "A."

1

2.    The Notice of Service of Process reflects service of process in the State Court action upon SCOTTSDALE on date December 23, 2025. *Refer to*, Exhibit. "A."

3.    28 U.S.C. § 1332 provides, in relevant part, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between---
>
> (1) citizens of different States;….

4.    By way of Paragraph 1 of PLAINTIFF'S Complaint, PLAINTIFF alleges that, "[t]his is an action for damages that damages that exceed $50,000.00 exclusive of interest, costs and attorneys' fees."  *Refer to*, Complaint, Exhibit "A."

5.    Prior to filing suit, PLAINTIFF served the attached Notice of Intent to Initiate Litigation, and stated that the Notice was being provided following partial coverage and that the estimate of damages is $200,279.00. *Refer to* Notice of Intent to Initiate Litigation with accompanying estimate prepared by Global Claims Services, Inc. and totaling $161,824.36, attached hereto as Composite Exhibit "B."

6.    PLAINTIFF's suit concerns alleged Hurricane Milton damages to two (2) separate properties owned by PLAINTIFF, and insured by Commercial Policy Number CPS8076469 (*refer to* ¶¶ 5, 8, 9 of Complaint); the applicable wind/hail deductible under the subject Commercial Policy is $10,000 per property. SCOTTSDALE's investigation of PLAINTIFF's losses concluded that costs of repairs

to covered damages at each of the two (2) insured properties would not exceed $10,000. No benefits have been tendered under the Policy.

7.    In view of the foregoing, and in accordance with 28 U.S.C. § 1446(c)(2)(A)(ii), SCOTTSDALE asserts that the amount in controversy in this case is in excess of $75,000.00, and the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied.

8.    Records maintained by Florida's Department of State, Division of Corporations, indicate that PLAINTIFF is a Florida corporation with its principal place of business at address 2005 East 21st Avenue, Tampa, Hillsborough County, Florida 33675. *Refer to,* Records at Exhibit "C." Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"). PLAINTIFF is a citizen only of the State of Florida. *Id.*

9.    SCOTTSDALE is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio, and is a citizen of only the State of Ohio.

10.    There is complete diversity of citizenship in this case.

11.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

12.    The within Notice of Removal is being filed within thirty (30) days of the receipt of other paper from which it was first ascertained that the case is one which is or has become removable by SCOTTSDALE, and is, therefore, timely under 28 U.S.C. § 1446.

13.    Removal to the Tampa Division of the United States District Court for the Middle District of Florida is proper, under 28 U.S.C. § 1441(a), as the State Court action was initiated by PLAINTIFF in Hillsborough County, Florida, which is located within this District/Division.

14.    Undersigned counsel for SCOTTSDALE certifies that she will file a copy of the Notice of Removal with the Clerk of Court for Hillsborough County, Florida, and will give notice of same to Plaintiff's counsel, Carrington E. Jones, Esquire, The Law Offices of Carrington Jones, PLLC, carrington@mylawyercan.com; terrie@mylawyercan.com; scardona@mylawyercan.com.

**WHEREFORE**, SCOTTSDALE prays for removal of this cause of action to the United States District Court for the Middle District of Florida (Tampa Division), and for a stay of all proceedings in the State Circuit Court action.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 21st day of January, 2026, a true and correct copy of the foregoing, with Exhibits, has been electronically filed *via* the CM/ECF Portal in the Middle District of Florida – Tampa Division, which will generate a notice

4

of filing to Plaintiff's counsel, Carrington E. Jones, Esquire, The Law Offices of Carrington Jones, PLLC, carrington@mylawyercan.com; terrie@mylawyercan.com; scardona@mylawyercan.com.

Wilson Elser Moskowitz Edelman & Dicker LLP

By: /s/ *Julia G. Young*
    JULIA G. YOUNG
    Florida Bar No.: 0094334
    julia.young@wilsonelser.com
    susan.baughman@wilsonelser.com
    heather.sadusky@wilsonelser.com
    111 North Orange Avenue, Suite 1200
    Orlando, Florida 32801
    Telephone: (407) 203-7599
    Cell: (407) 953-4335
    Facsimile: (407) 648-1376
    *Attorneys for Scottsdale.*

JGY:hs